## IN THE UNITED STATES COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **Anthony Montenegro** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | Civil Action No. 4:18-cv-2859 |
| | § | (Jury Demanded) |
| **Onsite Towing, LLC,** | § | |
| **Alt-Source, LLC III and** | § | |
| **Alt-Source XI, LLC** | § | |
| *Defendants* | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Plaintiff, ANTHONY MONTENEGRO, complaining of ONSITE TOWING, LLC, ALT-SOURCE, LLC III, ALT-SOURCE XI, LLC (hereinafter "Defendants" or "Employers"), for cause will show the court the following:

## I.
## PARTIES

1. Plaintiff, Anthony Montenegro, an individual that is a citizen of the State of Texas.

2. Defendant, ONSITE TOWING, LLC, is a domestic limited liability company that may be served with process through its registered agent and President, Mark A. Denson, 2233 South Houston Ave., Humble, TX 77396.

3. Defendant, ALT-SOURCE, LLC III is a domestic limited liability company that may be served with process through its registered agent, Benjamin August, 100 Commercial Circle, Bldg. B, Conroe, TX 77304.

4. Defendant, ALT-SOURCE, XI LLC is a domestic limited liability company that may be served with process through its registered agent, Benjamin August, 100 Commercial Circle, Bldg. B, Conroe, TX 77304.

## II.
## JURISDICTION

5. The Court has jurisdiction over the lawsuit because the suit arises under the Fair Labor Standards Act, 29 U.S.C. §201-219.

## III.
## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## IV.
## FACTS

7. At all times material hereto, Defendant Onsite Towing, LLC ("Onsite") employed of the Plaintiff stating on July 4, 2016 as a tow truck driver. Defendant Onsite required Plaintiff to work over 40 hours a week but failed to pay overtime. Defendants, LLC III and Alt-Source XI, LLC (collectively "Alt-Source") maintained Plaintiff's personnel records, payroll records, benefits, human resources department, and tax records. Defendant Alt-Source set requirements on the Plaintiff to exercise rights afforded to him, controlling the conditions of his employment. Defendant Alt-Source reported and treated the Plaintiff as an employee in its filings with the Internal Revenue Service and Texas Workforce Commission.

8. Defendant Onsite, and Defendant Alt-Source are co-employers as described in Alt-Source Handbook and on boarding packet given to Plaintiff upon his hire with Alt-Source and OnSite. Defendant Alt-Source's responsibilities included administering employees' payroll, insurance and workers' compensation benefits, unemployment benefits, and taxes. Alt-Source assumed responsibility for attendance and leave by referring their human resources department for issues regarding medical leave, military leave, exigency leave, and required Plaintiff to give notice directly to Alt-Source's human resource department. Alt-Source also provided a risk-management

department which handles employee concerns regarding safety and on-the job injuries. Alt-Source administers the worksite employers pay procedures and any concerns about payment administration must be reported to the Alt-Source human resources department. Alt-Source reserves the right to modify, amend or withdraw any of Plaintiff's benefit plans at any time and with or without notice to the Plaintiff. Alt-Source maintains personnel files for each employee, including the Plaintiff, as a co-employer. Defendant Alt-Source requires the Plaintiff to notify Alt-Source's human resources department for any changes in name, contact information, marital status, number of dependents, beneficiary designations, scholastic achievements and emergency contact information. Upon separation, every employee must contact Alt-Source's human resources department to discuss reassignment.

9. Plaintiff was an employee of Alt-Source and submitted a new employee packet that included an Employee Data Sheet and W-4 for Defendant Alt-Source. Both Defendant OnSite and Alt-Source are listed on Plaintiff's Wage Check Statements. Defendant Alt-Source maintained Plaintiff's W-2 Wage and Tax Statement from 2016 where Alt-Source LLC III is listed as his employer. Defendant OnSite provided Plaintiff with the equipment necessary to complete his job, set his schedule, restrict his territory, and pay him commission checks after Defendant OnSite deducted his hourly wages given to him by Alt-Source.

10. Defendants knowingly and willfully denied Plaintiff overtime pay. Defendant OnSite instructed its employees to not clock more than 40 hours a week, even if they worked over 40 hours. Defendant OnSite deducted any commission earned by the Plaintiff from his wages paid by Defendant Alt-Source. Defendant Alt-Source knew of this operation by Defendant OnSite or was negligent as a co-employer and the payroll administrator for the Plaintiff that maintained his personnel records.

11. Upon termination of employment in March of 2017, Defendants willfully withheld Plaintiff's last pay check. Plaintiff filed an unemployment claim where Defendant OnSite denied it

was an employer of the Plaintiff. After an appeal, the Texas Workforce Commission found that both Defendant Alt-Source and Defendant OnSite were dual employers of the Plaintiff.

12. As a result of Defendant OnSite and Alt-Source's conduct of negligent and/or willful violation the Federal Labor and Standards Act, Plaintiff was not fairly or adequately compensated for the work he performed as required by law.

## V.
## LIABILITY OF DEFENDANTS

13. At all times mentioned herein, Defendants had such control over the Plaintiff's work that he was dually employed by the Defendants.

14. Defendant OnSite required Plaintiff to work particular hours, a particular region, provided him equipment to do his job, told him how to use the equipment, thereby directing the details and performance of his work.

15. Defendants Alt-Source paid the Plaintiff as an employee, withdrew Federal Income Tax from his wages, reported and represented the Plaintiff as an employee to the Internal Revenue Service, required Plaintiff to notify their departments concerning risk management and human resources, and maintained his personnel records, thereby exercising contractual control over Plaintiff's employment and its conditions.

16. As such, Defendants were required to meet the Texas Wage and Overtime law requirements as well as the Fair Labor Standards Act, and to pay the Plaintiff time and a half for every hour worked over 40 hours a week. Defendants were well aware of the control executed over the Plaintiff's work that qualified him as an employee, as noted above, and willfully withheld his overtime pay. Plaintiff seeks the maximum damages allowable under the law for these knowing violations.

## VI.
## PROXIMATE CAUSE

16. Each and every, all and singular of the foregoing acts and omissions, on the part of

Defendant', taken separately and/or collectively, constitute a direct and proximate cause of the injuries and damages set forth below.

## VII.
## DAMAGES

17. As a result of the negligent conduct of Defendants, Plaintiff was denied overtime wages from July 4, 2016 until March 2017, and his final paycheck.

18. By reason of all the above, Plaintiff is seeking monetary relief more than $200,000.00 but less than $1,000,000.00.

## VIII.
## JURY DEMAND

19. Plaintiff hereby demands a trial by Jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and upon final hearing hereof, Plaintiff have and recover of and from Defendants for Plaintiff's damages as set forth above, interest on said judgment at the legal rate from the date of injury, Plaintiff's costs of Court, and such other and further relief, special or general, at law or in equity, to which they may be entitled within the jurisdictional limits of this Court.

Respectfully submitted,

BY **/s/ Nathan E. Inurria**
**NATHAN E. INURRIA**
**Federal Bar No. 3020186**
**State Bar No. 24101953**
**GEORGE K. FARAH**
**Federal Bar No. 38353**
**State Bar No. 24040882**
**GUERRA & FARAH, PLLC**
**4101 Washington Ave., 3rd Floor**
**Houston, Texas 77007**
**T: (713) 529-6606**

       **F:  (713) 529-6605**
       **E: gkf@gflawoffices.com**
       **E: nei@gflawoffices.com**

       **ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

     I hereby certify that a true and correct copy of the foregoing instrument was served to all counsel of record pursuant to the Federal Rules of Civil Procedure on this 25th day of September 2018, via EFiling.

                                             /s/Nathan E. Inurria
                                             Nathan E. Inurria