### IN THE UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY MONTENEGRO | § | |
| | § | |
| *Plaintiff* | § | |
| | § | |
| vs. | § | Civil Action No. 4:18-cv-2859 |
| | § | |
| ONSITE TOWING, LLC, ALT-SOURCE, | § | |
| LLC III, and ALT-SOURCE XI, LLC | § | |
| | § | |
| *Defendants* | § | |

## DEFENDANT ONSITE TOWING LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, Onsite Towing, LLC, files this Answer to Plaintiff's, Anthony Montenegro, First Amended Complaint, and would respectfully show the Court as follows:

### A. ADMISSIONS AND DENIALS

1. Defendant Onsite Towing, LLC admits the allegations in paragraph 1.

2. Defendant Onsite Towing, LLC admits the allegations in paragraph 2.

3. Defendant Onsite Towing, LLC lacks sufficient knowledge of the allegations and cannot admit or deny the allegations in paragraph 3.

4. Defendant Onsite Towing, LLC lacks sufficient knowledge or information of the allegations and cannot admit or deny the allegations in paragraph 4.

5. Defendant Onsite Towing, LLC admits the allegations in paragraph 5.

6. Defendant Onsite Towing, LLC admits the allegations in paragraph 6.

7. Defendant Onsite Towing, LLC denies the allegations in paragraph 7, that it employed Plaintiff, required Plaintiff to work over 40 hours a week, and/or failed to pay overtime. Defendant admits that Defendant Alt-Source maintained employment records for Plaintiff. Defendant presently lacks sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 7.

8. Defendant Onsite Towing, LLC denies the allegations in paragraph 8 that its was a co-employer of Plaintiff. Defendant presently lacks sufficient knowledge or information as to what information was in the Alt-Source Handbook and boarding packet, or Defendant Alt-Source's procedures to admit or deny the remainder of the allegations in paragraph 8.

9. Defendant Onsite Towing, LLC denies the allegations in paragraph 9 that it set Plaintiff's work schedule, restricted his territory. Defendant admits that Defendant Alt-Source maintained employment records for Plaintiff. Defendant presently lacks sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 9.

10. Defendant Onsite Towing, LLC denies the allegations in paragraph 10.

11. Defendant Onsite Towing, LLC denies the allegations in paragraph 11.

12. Defendant Onsite Towing, LLC denies the allegations in paragraph 12.

13. Defendant Onsite Towing, LLC denies the allegations in paragraph 13.

14. Defendant Onsite Towing, LLC denies the allegations in paragraph 14 that it required Plaintiff to work particular hours, a particular region, told Plaintiff how to use the equipment, or directed the details and performance of the Plaintiff's work. Defendant admits it provided the Plaintiff with equipment in the form of a tow truck.

15. Defendant Onsite Towing, LLC admits Plaintiff was paid by Defendant Alt-Source and that it maintained employment records for Plaintiff. Defendant presently lacks sufficient knowledge or information to admit or deny the remainder of the allegations in paragraph 15.

16. Defendant Onsite Towing, LLC denies the allegations in paragraph 16.

17. Defendant Onsite Towing, LLC denies the allegations in paragraph 17 (incorrectly number as "16").

18. Defendant Onsite Towing, LLC denies the allegations in paragraph 18 (incorrectly number as "17").

19. Defendant Onsite Towing, LLC denies the allegations in paragraph 19 (incorrectly number as "18").

20. Paragraph 20 (incorrectly number as "19") requires no denial.

### B. AFFIRMATIVE DEFENSES

21. Without waiver of Defendant's denials, even if Plaintiff proves in whole or in part the allegations and causes of actions set forth in Plaintiff's First Amended Complaint, Defendant is not liable to Plaintiff because:

(a) Plaintiff's claims are subject to be adjudicated in arbitration;

(b) Defendant is not Plaintiff's "employer" as defined by and pursuant to the Fair Labor Standards Act, (FLSA);

(c) Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations as contained in and defined by the FLSA;

(d) Defendant is a motor carrier and/or private motor carrier as defined by 49 U.S.C. §

13102(14) & (15). Pursuant to section 13(b)(1) of the FLSA, Plaintiff is not entitled to overtime pay as provided for in the FLSA;

(e) Defendant's pay practices concerning Plaintiff were adopted and executed in good faith and with reasonable grounds to believe the practices complied with the FLSA; and/or

(f) If Defendant violated the FLSA, Plaintiff cannot prove or establish that any violation was willful.

## C. Prayer

22. For these reasons, Defendant Onsite Towing, LLC asks the Court to enter judgment that Plaintiff Anthony Montenegro take nothing, assess cost against Plaintiff, and award Defendant all other relief to which it is entitled.

Respectfully submitted,

Law Office of Jonathan E. Bruce

*/s/ Jonathan E. Bruce*

Jonathan E. Bruce
Tx. Bar. No.:  00788960
Southern Dist. No: 18439
12810 Traviata Drive
Houston, Texas  77024
832/331-2605 tel.
JbruceLaw@gmail.com
*Attorney-In-Charge for Defendant Onsite Towing, LLC*

### CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the forgoing, has been forwarded to the below listed counsel of record in accordance with the provisions of the FEDERAL RULES OF CIVIL PROCEDURE, on November 7, 2018.

George K. Farah
Nathan E. Inurria
GUERRA & FARAH, PLLC
4101 Washington Avenue, 3rd Floor
Houston, Texas 77007
*Attorneys for Plaintiff*
*Via Electronic Service:*    gkf@gflawoffices.com
                                      nel@gflawoffices.com

Alan M. Bush
Meghan A. Hurse
BUSH LAW FIRM, PC
21 Waterway Avenue, Suite 200
The Woodlands, Texas 77380
*Attorneys for Defendants Alt-Source LLC III and Alt-Source XI, LLC*
*Via Electronic Service:*    abush@bush-law.com
                                      mhurse@bush-law.com

                                                                  */s/ Jonathan E. Bruce*

                                                                  Jonathan E. Bruce